OLIVER R. MATTESON *et al. vs.* THOMAS G. WHALEY *et al.*

PROVIDENCE—SEPTEMBER 14, 1898.

PRESENT: Stiness, Tillinghast and Rogers, JJ.

The actual lay-out and use of an old highway must govern in determining the original location of the way where several plats thereof and other evidence relating thereto are conflicting.

The fact that travelers on a highway have been in the habit of crossing a triangular piece of private land, situated between two roads, as the shortest cut from one road to the other, is not sufficient to convert such private land into a highway, or to prevent the owner thereof from enclosing it whenever he sees fit to do so.

BILL IN EQUITY for an injunction to restrain continuing trespasses. Heard on motion for re-argument filed subsequently to the opinion reported *ante* p. 412.

TILLINGHAST, J.    Upon the respondents' motion for a re-argument of this case, we have carefully re-examined the voluminous evidence, together with the criticisms of respondents' counsel upon the opinion heretofore rendered, but are unable to find that any error was committed in said opinion. The motion proceeds mainly upon the theory that the plat of 1813 represents the true lay-out of the road in question, and hence, that, by establishing the lines thereof in accordance with that plat, the respondents make out their defence.    But this theory is erroneous.    For in 1815, as pointed out in the previous opinion, a part of the line of the road, as first platted, was altered by the General Assembly, and just what that alteration was, the evidence fails to show ; but it does show that the road was not built in accordance with the plat of 1813.

Moreover, it appears that at the May session of the General Assembly, in 1813, (the act incorporating the road was passed at the February session, 1813) a resolution was passed authorizing the committee, which had been previously appointed to appraise the damage done to individuals by the laying out of the road in question, to alter the location of said road in those places where in their opinion the public interest

required an alteration ; and the evidence before us does not show what alterations that committee made.

The town surveyor himself admits that the road above, that is, to the north of the point in dispute, was not built where the plat would indicate, but that the "Lanphear Plat, 1890-'97," does not show the road as it exists above said point. He further says that the difference between the two plats is such that if the road had been built as indicated on the old sketch of 1813, it would have run in the rear of the houses of many people who now front on the road as built and used. It thus appears that the plat relied on is not a safe guide to follow, and that in determining the location of the road resort must be had to the same as actually laid out and used, not only to the north of the point in dispute, but at the point in dispute as well.

As to the actual lay-out and use, then, which must govern, we think the evidence very strongly preponderates in favor of the complainants' claim. Quite a number of witnesses, aged people, who have been familiar with the locality for from fifty to seventy years, testify to the effect that said triangular piece of land was never used as a part of the highway and was never considered as such ; and amongst said witnesses are two men who have served as highway surveyors, one of them for thirteen or fourteen years, on the very road in question. They all agree that the road as worked and traveled was between the elm tree, mentioned in the former opinion, and the store on the opposite or west side. And while they admit that teams occasionally passed over said triangular piece, yet it appears that it was so used for the most part as a driveway in going to and from the old tavern, or the livery stable, which were immediately contiguous thereto. We do not overlook the fact that some evidence to the contrary was produced by the respondents ; but, without discussing the same in detail, it is sufficient to say that it clearly fails to overcome that produced by the complainants.

In connection with the use which was made of the land in question, it may be remarked that it is a matter of common knowledge that travelers on country roads frequently pass

over a small triangular piece of private land, like that, in turning from one road to another, without any thought as to whether they are in the road proper or out of it, their main object being to take the shortest cut in getting onto the other road. Such use of private land, however, does not have the effect to convert it into a highway, or prevent the owner from enclosing it whenever he sees fit. In the case at bar said piece was evidently so situated as to make it a little more convenient, especially for travelers using the road in question in going to and from Quidnick, to pass over the same. And, in so far as it was used by persons other than those who stopped at the tavern or bar-room, or at the livery stable, it is probable that the use was mainly of this character. But all of the evidence, both that on the part of the complainants and that on the part of the respondents, conclusively shows that nearly all of the regular travel on the road was to the west of the elm tree, and not over the land in question.

In addition to the reasons given in the former opinion in favor of the exclusion of said triangular piece from the original lay-out, it may be mentioned that had the road been built over the same, it is not probable that in a locality where land at that time—three-fourths of a century ago—must have been of little value, the Hazard house, which was erected after the lay-out, would have been built within a few inches of the east line of the road. And yet it must have been so built if respondents' contention is correct.

The respondents suggest that the opinion heretofore given does not fix the exact boundaries of the highway at the point in question, as prayed in the amended bill. We decided in that opinion that the road was built substantially as claimed by the complainants, and by this we supposed it would be understood that the triangular piece of land in question, the western boundary of which was represented by the fence which the respondents removed, belongs to the complainant. This of course would make said fence as it stood represent the eastern boundary of the highway at the place in question. We see no occasion for more definitely defining the boundary.

For the reasons above given, the motion for re-argument is denied.

*Dexter B. Potter*, for complainants.

*Oscar Lapham and Ezra K. Parker*, for respondents.

